DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
By:     ANTHONY J. SUN
        Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2810
Fax: (212) 637-2786
anthony.sun@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>                    v.<br><br>PHILIP COLASUONNO,<br><br>                    Defendant. | 21 Civ. 10877<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

        Plaintiff the United States of America (the "United States" or the "Government"), by its

attorney, Damian Williams, United States Attorney for the Southern District of New York,

herein alleges for its complaint as follows:

**INTRODUCTION**

        1.      This action is brought by the United States against defendant Philip Colasuonno

("Defendant"), pursuant to 26 U.S.C. § 7401, to reduce to judgment certain outstanding tax

assessments made against him pursuant to 26 U.S.C. § 6672.

        2.      The United States brings this action at the direction of a delegate of the Attorney

General of the United States, with the authorization and at the request of the Chief Counsel of the

Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury of the United

States.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1340 and

1346(c) and 26 U.S.C. § 7402.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1396 because this is the

District where the liability for the tax at issue accrued.

## PARTIES

5.      Plaintiff is the United States of America, on behalf of its agency the IRS.

6.      Defendant Philip Colasuonno is an individual who, throughout the tax periods at

issue, resided in the Southern District of New York. At all relevant times, he owned, operated,

and controlled American Armored Car Ltd. ("AAC"), and he exercised authority and control

over AAC's financial affairs, including but not limited to the collection, truthful accounting, and

paying over of employment taxes for its employees.

## LEGAL BACKGROUND

7.      The Internal Revenue Code requires employers to withhold and remit federal

Social Security and Medicare (pursuant to the Federal Insurance Contributions Act ("FICA")),

unemployment (pursuant to the Federal Unemployment Tax Act ("FUTA")), and income taxes

from their employees' wages. 26 U.S.C. §§ 3102, 3301, 3402.

8.      Employers must report these withholdings and remittances to the IRS on IRS

Forms 940 and 941.

9.      These taxes withheld from employees' wages are to be held in a special fund in

trust for the benefit of the United States (the "trust fund taxes" or "withholding taxes"). 26

U.S.C. § 7501.

10.     Withholding taxes are not simply a debt; they are part of the employees' wages, held by the employers in trust for the Government, such that when employers pay withholding taxes over to the Government, they merely surrender that which does not belong to them.

11.     When an employer fails to collect and remit the trust fund taxes for its employees to the Government, a trust fund recovery penalty ("TFRP") may be assessed against a responsible person of the employer in an amount equal to the trust fund taxes that the employer did not collect or remit from the employees' wages. 26 U.S.C. § 6672(a).

12.     Individual liability attaches when two factors are present: (1) the person assessed is a "responsible person" for the collection, truthful accounting, and paying over of employment taxes; and (2) that person willfully failed to pay over such taxes.

13.     A responsible person is one who has the ability to exercise significant control over the enterprise's finances.

14.     An individual need not hold any special position in order to qualify as a responsible person.

15.     Several individuals within a given company may qualify as responsible persons.

16.     The assessment of a TFRP against a person under 26 U.S.C. § 6672 creates a *prima facie* case of liability against that person in a tax collection action such as this one.

17.     In order to avoid the TFRP, the person against whom the IRS made the assessment has the burden of proof to show by a preponderance of evidence that he or she is not a responsible person, or that he or she did not willfully fail to pay over the trust fund taxes; *i.e.*, the IRS is presumed to be correct.

## FACTUAL ALLEGATIONS

18.     During the quarterly tax periods ending on June 30, 2001; September 30, 2001; December 31, 2001; March 31, 2002; June 30, 2002; September 30, 2002; December 31, 2002; March 31, 2003; June 30, 2003; September 30, 2003; December 31, 2003; March 31, 2004; June 30, 2004; September 30, 2004; December 31, 2004; March 31, 2005; June 30, 2005; September 30, 2005; and December 31, 2005 (the "Covered Tax Periods"), AAC failed to collect, truthfully account for and remit to the United States federal income, FICA, and FUTA taxes it was required to withhold from its employees' wages, *i.e.*, the trust fund taxes.

19.     During the Covered Tax Periods, Defendant was a person responsible for collecting, truthfully accounting for, and paying over the trust fund taxes for AAC and is liable for trust fund recovery penalties under 26 U.S.C. § 6672 for willfully failing to pay the trust fund taxes.

20.     During the Covered Tax Periods, Defendant, a Certified Public Accountant and one of three owners and operators of AAC, was involved in the preparation of financial statements for AAC.

21.     During the Covered Tax Periods, Defendant paid, and caused to be paid, wages to employees of AAC in the form of cash, without having accounted for, withheld, or paid over to the IRS the employees' portion of the trust fund taxes.

22.     Specifically, during the Covered Tax Periods, Defendant wrote and caused to be written weekly checks made payable to a third-party company, FJC Security Services, Inc. ("FJC"), representing cash payroll to be made to employees of AAC, even though AAC had no ongoing business relationship with FJC during the Covered Tax Periods and the sole purpose of the checks made out to FJC was to cover up and disguise the payment of cash payroll to

4

employees of AAC. AAC would account for cash payroll to its employees in its books and records as payments for "outside services" when in fact, as Defendant knew and understood, these payments were not for "outside services" but were cash payments to employees of AAC.

23.     Defendant pled guilty to a two-count information, filed in the Southern District of New York, charging him with conspiracy to commit tax fraud in violation of 18 U.S.C. § 371 and aiding and assisting in the preparation of a false tax return in violation of 26 U.S.C. § 7206(2). *See* Minute Entry, *United States v. Colasuonno*, No. 07 Cr. 555 (the "Criminal Tax Case") (AKH) (S.D.N.Y. June 18, 2007). In pleading guilty to the information, Defendant admitted to the conduct alleged therein, including but not limited to the following:

a.   Defendant "owned, operated, and controlled . . . American Armored Car, Ltd.";

b.   "paying, and causing to be paid, cash wages to employees of AAC";

c.   "filing, and causing to be filed, with the IRS wage reporting statements (Forms W-2) for employees of AAC that did not reflect such cash payments";

d.   "aiding, assisting in, procuring, counseling, and advising the filing with the IRS of fraudulent and false employer's quarterly payroll tax returns (IRS Form 941) for the fourth quarter of tax year 2000 and the four quarters in each of tax years 2001 through and including 2005 that did not reflect cash wages paid to employees of AAC"[1];

e.   Defendant "well knew and understood that [he was] required to accurately report cash wages paid to employees of AAC";

---

[1] The payroll taxes related to the fourth quarter of tax year 2000 and the first quarter of tax year 2001 have been satisfied and are not currently at issue.

    f.   "failing correctly to pay over to the IRS AAC's portion of, and to withhold, account for, and pay over to the IRS the AAC employees' portion of, FICA taxes in relation to employees of AAC";

    g.   Defendant "well knew and understood that [he was] required to pay to the IRS, and withhold, account for, and pay over to the IRS, FICA taxes";

*See* Information, Dkt. No. 2, 07 Cr. 555.

24.    At his plea hearing, Defendant allocuted as follows:

> "I was a one-third shareholder of [AAC]. During the period between 2000 and 2005, [AAC] had serious manpower and financial difficulties. One of the things my brother Dominick and I agreed to do to address these problems was to pay employees cash for overtime hours that they worked and then not pay the necessary taxes. I was aware that in order to obtain the cash necessary to do so, checks were written to a company, F.J.C., which were then cashed by Prima Check Cashing, of which I was also a one-third shareholder. The cash received from Prima was then used to pay the employees overtime.

> "I knew that as part of this plan, [AAC] did not withhold or forward to the IRS moneys that it should have as a result of these cash payments. This conduct occurred, among other places, in Westchester County in the Southern District of New York. Further, I knew that false 941 returns would be filed as part of this plan, that similarly did not accurately reflect these payments."

*See id.*, Plea Tr. at 16:20–17:1.

25.    For his admitted conduct in the Criminal Tax Case, Defendant was originally sentenced to an incarceratory sentence of time served plus 5 years' probation, and among other conditions of probation was ordered to "pay restitution in an amount no less than $781,467.00" to the IRS. *See id.*, Judgment, Dkt. No. 7.

26.    After Defendant failed to make a good faith effort to pay his restitution, in violation of the conditions of his probation, in March 2011, he was sentenced to, among other things, a four-month term of imprisonment. *See id.*, Dkt. Nos. 31, 33.

27.    With respect to the Covered Tax Periods, the IRS has assessed TFRPs against

Defendant as follows:

| Quarterly Tax Period Ending | Date of Assessment | Amount of Assessment |
|---|---|---|
| 6/30/2001 | 4/21/2011 | $111,245.34 |
| 9/30/2001 | 4/21/2011 | $82,403.92 |
| 12/31/2001 | 4/21/2011 | $88,167.36 |
| 3/31/2002 | 4/21/2011 | $76,301.78 |
| 6/30/2002 | 4/21/2011 | $85,978.09 |
| 9/30/2002 | 4/21/2011 | $85,685.63 |
| 12/31/2002 | 4/21/2011 | $96,290.22 |
| 3/31/2003 | 4/21/2011 | $86,112.36 |
| 6/30/2003 | 4/21/2011 | $88,657.65 |
| 9/30/2003 | 4/21/2011 | $103,534.37 |
| 12/31/2003 | 4/21/2011 | $106,489.35 |
| 3/31/2004 | 4/21/2011 | $104,348.80 |
| 6/30/2004 | 4/21/2011 | $84,515.10 |
| 9/30/2004 | 4/21/2011 | $105,554.89 |
| 12/31/2004 | 4/21/2011 | $99,796.21 |
| 3/31/2005 | 4/21/2011 | $89,506.14 |
| 6/30/2005 | 4/21/2011 | $102,355.86 |
| 9/30/2005 | 4/21/2011 | $84,183.96 |
| 12/31/2005 | 4/21/2011 | $66,063.27 |

28.    Despite timely notice and demand for payment of the assessments, Defendant has

neglected, failed, or refused to pay the full assessments for these quarterly tax periods.

29.    On July 24, 2009, Defendant filed a petition for bankruptcy pursuant to Chapter 7

of the Bankruptcy Code. *See* Petition, Dkt. No. 1, *In re Maria & Philip Colasuonno*, No. 09-

23330-rdd (Bankr. S.D.N.Y.).

30.    The Bankruptcy Court entered a discharge in Defendant's bankruptcy on July 20,

2011. *See id.*, Dkt. No. 70.

31.    Defendant's bankruptcy proceeding tolled the statute of limitations for the IRS to

collect the assessed taxes during the pendency of the bankruptcy once the assessments were

made (*i.e.*, from April 21, 2011, to and including July 20, 2011), plus an additional six months. *See* 26 U.S.C. § 6503(h)(2).

## <u>CLAIM FOR RELIEF</u>
### Judgment for Failure to Collect and Pay Over Tax, 26 U.S.C. § 6682(a)

32.     The United States repeats and realleges the allegations in paragraphs 1 through 31 with the same force and effect as if set forth fully herein.

33.     By this action, the United States seeks to collect the TFRPs the IRS assessed against Defendant on April 21, 2011, for the quarterly periods ending on June 30, 2001, through and including December 31, 2005, plus interest and statutory additions thereon as allowed by law.

34.     As of November 30, 2021, Defendant owes $2,490,899.32 on these penalties, including interest.

35.     The United States may bring suit to recover TFRPs assessed within ten years of the assessment of the penalties. 26 U.S.C. § 6502(a)(1).

36.     This action is brought within the 10-year limitations period specified in 26 U.S.C. § 6502(a)(1), including the suspense period provided for in 26 U.S.C. § 6503(h)(2).

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, the United States of America requests that the Court:

A.     Enter judgment against Defendant and in favor of the United States for unpaid trust fund recovery penalties and interest in the amount of $2,490,899.32, calculated as of November 30, 2021, plus further interest and statutory additions thereon as allowed by law;

B.     Award the United States its costs incurred in connection with this action, along with such other relief as justice requires.

## **JURY DEMAND**

The United States hereby demands a trial by jury of all issues so triable.

Dated:  New York, New York
           December 20, 2021

                                             DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
*Attorney for Plaintiff United States of*
*America*

                          By:   s/ Anthony J. Sun
ANTHONY J. SUN
Assistant United States Attorney
86 Chambers St., 3rd Floor
New York, New York  10007
(212) 637-2810
anthony.sun@usdoj.gov